IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAWRENCE HAYES**                                                                  **PETITIONER**
**ADC #149601**

CASE NO. 4:20-CV-525-JM-BD

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                                  **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge James M. Moody Jr. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

**A.  Trial Proceedings**

Petitioner Lawrence Hayes pleaded guilty to aggravated robbery in Phillips County Circuit Court Case No. CR 2018-110 on August 12, 2019. (Doc. No. 10-2) At the plea hearing, the State recited the facts of the case, that Mr. Hayes threatened force upon

Sonny Sink and Nickey Borchette, gas station employees, while armed with a deadly weapon. (Doc. No. 10-4 at pp. 6-7) The Court asked Mr. Hayes whether he understood the "plea statement" he had signed; whether he understood that he was waiving certain constitutional rights including the right to a jury trial, the right to remain silent, and right to appeal; and whether he was satisfied with the representation his counsel had provided. (Doc. No. 10-4 at pp. 5-6) He responded *yes* to each inquiry. (Doc. No. 10-4 at pp. 5-6) The Court then asked Mr. Hayes whether anyone had threatened him or forced him to enter into the plea agreement, and Mr. Hayes responded *no*. (Doc. No. 10-4 at p. 6) The plea statement recited the maximum sentence for aggravated robbery—40 years to life, with a mandatory minimum sentence of 10 years. (Doc. No. 10-4 at p. 1)

On August 22, 2019, the circuit court sentenced Mr. Hayes to ten years in the Arkansas Department of Correction on the charge of aggravated robbery. Under the terms of the plea agreement, the court *nolle prossed* count two, which charged Mr. Hayes with possession of a firearm by certain persons.[1] Mr. Hayes has not pursued any state-court, post-conviction remedies.

### B. Federal Habeas Petition

Mr. Hayes initially filed a petition for writ of habeas corpus with this Court raising a general claim of ineffective assistance of counsel and a claim that his guilty plea was

---

[1] Mr. Hayes had previously pleaded guilty to committing a terroristic act, a Class B felony in Phillips County Case No. CR 2009-81. (Doc. No. 2 at pp. 18-19) He also pleaded guilty to two counts of possession of a controlled substance, Class C felonies, in Pulaski County Case No. CR 17-2129. (Doc. No. 10-3 at pp. 1-5)

2

coerced. (Doc. No. 2) The Court ordered Mr. Hayes to file an amended petition, and he did so. (Doc. Nos. 3 and 4)

In his amended petition, Mr. Hayes claims that his counsel was ineffective for failing to get the aggravated robbery charge reduced to simple robbery while negotiating with the prosecutor to drop the felon-in-possession charge. (Doc. No. 4 at p. 1) He also claims he was coerced into pleading guilty and that his counsel tricked him into pleading guilty by telling him he would only have to serve seventy percent of his 10-year sentence. (Doc. Nos. 2 at p. 13, and 4 at pp. 2-3)

Director Payne responds to the petition and asserts that Mr. Hayes has procedurally defaulted his claims. (Doc. No. 10) Mr. Hayes filed a rebuttal that the Court has reviewed. (Doc. No. 15)

### III.   Procedural Default:

Procedural default bars federal review of a state conviction if the petitioner failed to fairly present the claim in state court and a state procedural rule would bar him from bringing the claim if he returned to state court. *Kennedy v. Kemna*, 666 F.3d 472, 480 (2012), *cert. denied*, 568 U.S. 1012 (2012) (a claim is procedurally defaulted if a petitioner failed to raise it in state proceedings).

A habeas petitioner's default can be excused, but only in limited circumstances. The petitioner must demonstrate cause for the default and actual prejudice resulting from the violation of federal law; or that a failure to consider the claims would result in a fundamental miscarriage of justice. *Franklin v. Hawley*, 879 F.3d 307, 313-14 (8th Cir. 2018) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Under the cause-and-

prejudice standard, cause is established when some objective factor, external to the defense, impeded efforts to comply with the state's procedural rule. *Id*. at 313 (citing *Coleman*, 501 U.S. at 753).

Bringing a claim without an attorney is not usually deemed cause to excuse procedural default. *Id*. The Supreme Court, however, has carved out a limited exception. See *Martinez v. Ryan*, 566 U.S. 1, 1 (2012). When a state requires claims of *ineffective assistance of trial counsel* to be raised in an initial-review collateral proceeding, as Arkansas does, procedural default will not bar a federal habeas court from hearing a *substantial* claim of ineffective-assistance-of-trial-counsel if, in the initial-review proceeding, the petitioner was not represented by counsel or if counsel in that proceeding was ineffective. *Id.* at 17 (emphasis added).

All ineffective-assistance-of-counsel claims, including those raised by Mr. Hayes in his petition and amended petition, must be brought in a state post-conviction petition under Rule 37 of the Arkansas Rules of Criminal Procedure. The time has passed for Mr. Hayes to bring a Rule 37 petition. See ARK. R. CRIM. P. 37.2(c)(i) (allowing defendants 90 days after a plea of guilty to bring a petition under Rule 37). Accordingly, Mr. Hayes must establish cause and prejudice or actual innocence before the Court can address the merits of his constitutional claims.

Mr. Hayes has not come forward with any objective factor external to the defense that impeded his efforts to comply with the state's post-conviction process to excuse the procedural default of his claims. Accordingly, the Court need not address prejudice. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

The *Martinez* exception does not apply to any of Mr. Hayes's defaulted ineffective-assistance claims, because the claims were not raised in a properly filed Rule 37 petition. *Martinez* did not establish a right to have counsel prepare and file a petition in compliance with the applicable rules. *Martinez*, 566 U.S. at 8-9. In fact, *Martinez* is cause to excuse a substantial ineffective-assistance-of-counsel claim only when a State fails to appoint counsel for a prisoner who *effectively initiates* a request for relief in state court or appoints ineffective counsel. Stated another way, the *Martinez* exception is premised on "cause" consisting of "there being no counsel or only ineffective counsel during the state collateral review proceeding." *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014) (omitting citation and internal quotes). For a petitioner who did not initiate a state collateral-review proceeding, the "cause" for the equitable exception ceases to exist. *Martinez*, 566 U.S. at 7-9; *Phillips v. Kelley*, No. 5:16-CV-92-JM-JTK, 2018 WL 6981226, at *3 (E.D. Ark. Dec. 11, 2018), *report and recommendation adopted*, No. 5:16-CV-92-JM-JTK, 2019 WL 138165 (E.D. Ark. Jan. 8, 2019); *Travis v. Kelley*, No. 5:17-CV-44-SWW-JTR, 2017 WL 4295258, at *5 n.15 (E.D. Ark. Sept. 5, 2017), *report and recommendation adopted*, No. 5:17-CV-44-SWW-JTR, 2017 WL 4295197 (E.D. Ark. Sept. 27, 2017), *appeal dismissed*, No. 17-3471, 2018 WL 2222602 (8th Cir. Apr. 13, 2018), *reh'g denied* (May 16, 2018).

Mr. Hayes failed to initiate a timely request for post-conviction relief in the circuit court and is not entitled to claim cause under the *Martinez* exception.

Even if a claim is procedurally barred, this Court can review the claim if a petitioner has come forward with new evidence to support a claim of actual innocence.

5

*Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). The United States Supreme Court has described "new reliable evidence," as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The Eighth Circuit Court of Appeals has further explained that "new evidence" is evidence that was not available at trial and could not have been discovered earlier through the exercise of due diligence. *Nash*, 807 F.3d at 899 (quoting *Amrine v. Bowersox*, 238 F.3d 1023, 1028 (8th Cir. 2001) (citation omitted)). The Supreme Court has cautioned that "tenable actual innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup*, 513 U.S. at 329).

    This Court must decide whether Mr. Hayes has overcome his procedural default by presenting "evidence of innocence so strong that the court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316.

    Mr. Hayes generally maintains his innocence, but he has not come forward with new, reliable, scientific evidence of his innocence or affidavits of witnesses who would testify to his innocence. To the extent Mr. Hayes argues that the State's dropping the felon-in-possession charge means that he is innocent of aggravated robbery, his conclusion does not follow. The State's agreement to drop the charge did not negate evidence of his threat to use force against two employees while armed with a deadly weapon.

## IV. <u>Certificate of Appealability</u>:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Hayes has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Hayes has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## V. <u>Conclusion</u>:

Mr. Hayes procedurally defaulted his claims. The Court recommends that Judge Moody DISMISS the petition for writ of habeas corpus (Doc. No. 2) and amended petition for writ of habeas corpus (Doc. No. 4), with prejudice.

DATED this 8th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE